# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**The Terraces Condominium Association**, in Illinois not-for-profit corporation,

    Plaintiff,

v.

**Insurance Company of Greater New York**,

    Defendant.

Case No. 19-cv-6028

## JOINT INITIAL STATUS REPORT

Plaintiff, The Terraces Condominium Association, in Illinois not-for-profit corporation, through its attorneys, Keay & Costello, P.C., and Defendant, Insurance Company of Greater New York, through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, pursuant to this Court's Standing Order on Initial/Reassignment Status Conferences and Reports, respectfully submit the following Joint Initial Status Report:

1. **Type of Initial Status Report.**

   Joint.

2. **Service of Process.**

   All parties have been served.

3. **The Nature of the Case.**

   a. The attorneys of record for each party are as follows:

   **Counsel for Plaintiff The Terraces Condominium Association**
   Patrick T. Costello (lead trial attorney and member of trial bar)
   Benjamin J. Rooney
   Keay & Costello, P.C.
   128 South County Farm Road
   Wheaton, Illinois 60187
   (630) 384-8331

pcostello@keaycostello.com
ben@keaycostello.com

**Counsel for Defendant Insurance Company of Greater New York**
Matthew S. Ponzi
Matthew P. Fortin
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000
mponzi@fgppr.com
mfortin@fgppr.com

b. The Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332. The parties agree that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as the evidence shows that Plaintiff has incurred approximately $400,000.00 which it claims Defendant is contractually obligated to compensate it for. Complete diversity of citizenship between the parties exists, as Plaintiff is an Illinois not-for-profit corporation with its principal place of business in Illinois, while Defendant is a New York Corporation with its principal place of business in New York.

c. Plaintiff asserts a single claim against Defendant based upon breach of contract (the contract at issue being an insurance policy, and hereinafter referred to as the "Policy"). Specifically, Plaintiff contends that Defendant denied Plaintiff's claim for coverage under the Policy; that Defendant failed to state a reasonable explanation for denying Plaintiff's claim for coverage under the Policy; and that any failure to provide a description of how, when and where the loss or damage occurred was due to Defendant's failure to properly investigate Plaintiff's claim. Defendant has denied the material allegations of the Complaint and asserted seven (7) affirmative defenses, each based upon claims that Plaintiff's claim is defeated or its damages limited by applicable terms, conditions, exclusions, and limitations contained in the Policy. Defendant's defenses include, but are not limited to, that Plaintiff's loss was caused by one or more excluded perils, such as electric arcing; that Plaintiff failed to provide a description of how, when and where the loss or damage occurred; and that Plaintiff failed to permit Defendant to inspect the damaged property.

d. The major legal issues are whether Defendant performed it respective duties and obligations under the Policy and whether Plaintiff's Property sustained direct physical loss or damage not otherwise excluded by the terms and conditions of the Policy. The major factual issues are whether "Covered Property" sustained direct physical loss or damage and, if so, the

cause(s) of that loss and damage.

e. Plaintiff seeks all damages available to it under the law, as set forth in its Prayer for Relief, including, but not limited to:

   (1) $401,659.63 in damages cause by Defendant's breach of the Policy, consisting primarily of the costs to repair damaged property and the costs to maintain electricity to the damaged property during the period of time in which repairs were being made;

   (2) attorney's fees and court costs; and

   (3) the lesser of sixty percent (60%) of the amount which the Court finds such party is entitled to recover against the company, exclusive of costs or $60,000, pursuant to 215 ILCS 5/155.

4. **Pending Motions and Case Plan.**

   a. There are no pending motions.

   b. Counsel for the parties confirm that they have read the Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project. The parties estimate that their MIDPP responses will be due on or before October 23, 2019.

   c. Proposed Discovery Plan

      (1) Types of Discovery Needed.
      The parties anticipate that the following types of discovery will be needed: document requests (which will include electronically stored information), interrogatories, depositions and third-party subpoenas.

      (2) The parties propose issuing written discovery by December 16, 2019.

      (3) The parties do not anticipate needing a confidentiality order but, in the event one is needed, will model any such order on the Northern District of Illinois' model confidentiality order.

      (4) The parties do not anticipate the need for Health Insurance Portability nor Accountability Act waivers.

      (5) All fact discovery, including expert discovery (except for damages) will be completed by June 16, 2020. Final supplementation of MIDPP responses shall be due by June 16,

2020.

> (6) With respect to expert witnesses, the parties propose that such expert witnesses be disclosed no more than 90 days before trial, as provided by Fed. R. Civ. P. 26(a)(2)(D). Expert witnesses to be disclosed by Defendant 30 days following Plaintiff's expert disclosure, as provided by Fed. R. Civ. P. 26(a)(2)(D).
>
> (7) All potentially dispositive motions shall be filed by July 31, 2020.
>
> (8) Trial is expected to last 1 to 2 days. The parties will be ready for trial 90 days following ruling on any dispositive motions. If no such motions are filed, the parties will be ready for trial 60 days after the close of all discovery.

5. **Consent to Proceed Before a Magistrate Judge.**
The parties do not consent unanimously to proceed before a Magistrate Judge but are in ongoing discussion regarding the decision to do so at this time.

6. **Status of Settlement Discussions**

    a. The parties have not engaged in settlement discussions at this point, but contemplate doing so after the exchange of written discovery.

    b. The parties do not request a settlement conference with a Magistrate Judge at this time.

7. **MIDPP Checklist.**
Counsel for the parties have reviewed the MIDPP checklist attached to the Court's Standing Order on Initial/Reassignment Status Conferences and Reports. As of this filing, the parties do not have any disagreements over this discovery.

Dated: October 14, 2019

Respectfully submitted,

*/s/ Benjamin J. Rooney*
Benjamin J. Rooney
128 South County Farm Road
Wheaton, Illinois 60187
(630) 384-8331
Counsel for Plaintiff


*/s/ Matthew P. Fortin*
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000
Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2019, a copy of the foregoing Joint Initial Status Report was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

*/s/ Matthew P. Fortin*
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000
Counsel for Defendant



*/s/ Benjamin J. Rooney*
Benjamin J. Rooney