IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **The Terraces Condominium Association**, in Illinois not-for-profit corporation,<br><br>  Plaintiff,<br><br>v.<br><br>**Insurance Company of Greater New York**,<br><br>  Defendant. | Case No. 19-cv-6028 |

## JOINT STATUS REPORT

Plaintiff, The Terraces Condominium Association, an Illinois not-for-profit corporation, through its attorneys, Keay & Costello, P.C., and Defendant, Insurance Company of Greater New York, through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, pursuant to this Court's May 5, 2021 and July 15, 2021 Orders, respectfully submit the following Joint Status Report:

1. **Type of Status Report.**

    Joint.

2. **Service of Process.**

    All parties have been served.

3. **The Nature of the Case.**

    a. The attorneys of record for each party are as follows:

    **Counsel for Plaintiff The Terraces Condominium Association**
    Patrick T. Costello (lead trial attorney and member of trial bar)
    Benjamin J. Rooney
    Keith R. Jones
    Keay & Costello, P.C.
    128 South County Farm Road
    Wheaton, Illinois 60187

Page **1**

      (630) 384-8331
      pcostello@keaycostello.com
      ben@keaycostello.com
      keith@keaycostello.com

      **Counsel for Defendant Insurance Company of Greater New York**
      Matthew S. Ponzi
      Abigail L. James
      Foran Glennon Palandech Ponzi & Rudloff PC
      222 North LaSalle Street, Suite 1400
      Chicago, Illinois 60601
      (312) 863-5000
      mponzi@fgppr.com
      ajames@fgppr.com

b. The Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332. The parties agree that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as the evidence shows that Plaintiff has incurred approximately $400,000.00 which it claims Defendant is contractually obligated to compensate it for. Complete diversity of citizenship between the parties exists, as Plaintiff is an Illinois not-for-profit corporation with its principal place of business in Illinois, while Defendant is a New York Corporation with its principal place of business in New York.

c. Plaintiff asserts a single claim against Defendant based upon breach of contract (the contract at issue being an insurance policy, and hereinafter referred to as the "Policy"). Specifically, Plaintiff contends that Defendant denied Plaintiff's claim for coverage under the Policy; that Defendant failed to state a reasonable explanation for denying Plaintiff's claim for coverage under the Policy; and that any failure to provide a description of how, when and where the loss or damage occurred was due to Defendant's failure to properly investigate Plaintiff's claim. Defendant has denied the material allegations of the Complaint and asserted seven (7) affirmative defenses, each based upon claims that Plaintiff's claim is defeated or its damages limited by applicable terms, conditions, exclusions, and limitations contained in the Policy. Defendant's defenses include, but are not limited to, that Plaintiff's loss was caused by one or more excluded perils, such as electric arcing; that Plaintiff failed to provide a description of how, when and where the loss or damage occurred; and that Plaintiff failed to permit Defendant to inspect the damaged property.

d. The major legal issues are whether Defendant performed its respective duties and obligations under the Policy and whether Plaintiff's Property sustained direct physical loss or damage not otherwise excluded by the

        terms and conditions of the Policy. The major factual issues are whether "Covered Property" sustained direct physical loss or damage and, if so, the cause(s) of that loss and damage.

   e. Plaintiff seeks all damages available to it under the law, as set forth in its Prayer for Relief, including, but not limited to:

      (1) $401,659.63 in damages cause by Defendant's breach of the Policy, consisting primarily of the costs to repair damaged property and the costs to maintain electricity to the damaged property during the period of time in which repairs were being made;

      (2) attorney's fees and court costs; and

      (3) the lesser of sixty percent (60%) of the amount which the Court finds such party is entitled to recover against the company, exclusive of costs or $60,000, pursuant to 215 ILCS 5/155.

4. **Pending Motions and Case Plan.**

   a. Fact discovery has been completed by both parties.

   b. Expert discovery has been completed by both parties.

   c. At this time, Defendant anticipates filing a motion for summary judgment on or before August 19, 2021. At this time, Plaintiff does not anticipate filing a motion for summary judgment. After considering the results of discovery, each party may elect to change course with respect to their current plans as to filing a motion for summary judgment; however, each party agrees that any motions for summary judgment that may be filed will be filed on or before August 19, 2021.

   d. The parties agree that any responses to a filed motion for summary judgment will be filed on or before September 9, 2021.

   e. The parties agree that any replies in support of a filed motion for summary judgment will be filed on or before September 23, 2021.

   f. Trial is expected to last 1 to 2 days. The parties will be ready for trial 90 days following ruling on any case dispositive motions. If no such motions are filed, the parties will be ready for trial 90 days after the deadline to file case dispositive motions.

5. **Consent to Proceed Before a Magistrate Judge.**
The parties do not consent unanimously to proceed before a Magistrate Judge but are in ongoing discussion regarding the decision to do so at this time.

6. **Status of Settlement Discussions**

   a. The parties have not engaged in settlement discussions at this point, but contemplate doing so after the deadline to file case dispositive motions passes, if no such motions are filed, or after a ruling on any case dispositive motions, if such motions are filed.

   b. The parties do not request a settlement conference with a Magistrate Judge at this time.

Dated: July 19, 2021

Respectfully submitted,

*/s/ Benjamin J. Rooney*
Benjamin J. Rooney
128 South County Farm Road
Wheaton, Illinois 60187
(630) 384-8331
Counsel for Plaintiff


*/s/ Abigail L. James*
Matthew S. Ponzi
Abigail L. James
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5014
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021 a copy of the foregoing Joint Status Report was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

*/s/ Abigail L. James*
Abigail L. James
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5014
Counsel for Defendant

*/s/ Benjamin J. Rooney*
Benjamin J. Rooney
128 South County Farm Road
Wheaton, Illinois 60187
(630) 384-8331
Counsel for Plaintiff